UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 09-11845-RWZ

DARYL DIAMOND

v.

MICHAEL J. ASTRUE,
*Commissioner of Social Security*

ORDER
February 14, 2011

ZOBEL, D.J.

Plaintiff Daryl Diamond brings this 42 U.S.C. § 405(g) appeal from the denial of his application for Social Security Disability Income and Supplemental Security Income benefits. An administrative law judge ("ALJ") evaluated his claim using the familiar five-step disability determination process, 20 C.F.R. § 404.1520(a), and found that (1) Diamond had not engaged in substantial gainful activity, (2) had left knee osteoarthritis that was a severe impairment but (3) not a listed impairment, the impairment (4) prevented him for performing past relevant work, but (5) he had the residual functional capacity to perform the "full range of light work." (Administrative R. 9-14.) "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. . . . [A] job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 404.1567(b).

Diamond argues that the ALJ misapplied the law by failing to consider his back pain and his claim should therefore be remanded for either payment of benefits or further proceedings. The Commissioner "concedes that the ALJ did not have a sufficient basis for finding that plaintiff could do a full range of light work" (Mem. in Supp. of Commissioner 5, Docket # 16), but on the ground that the record does not support a finding that Diamond can perform the necessary walking and standing. The Commissioner argues that a remand is not required, however, because a determination that a claimant has the capacity to do light work expressly includes a lesser finding of the capacity to do sedentary work, 20 C.F.R. §404.1567(b), and this lesser finding is supported by the record.

I find that it is unclear whether the ALJ considered plaintiff's back impairment. Social Security regulations require an ALJ to "consider all of [the claimant's] symptoms, including pain," 20 C.F.R. § 404.1529, and the administrative record contains references to Diamond's back problems and pain. (See, e.g., Administrative R. 31, 91, 218, 227, 313.) There is no mention of the back impairment in the ALJ's decision. Diamond's back impairment may restrict his ability to perform sedentary work. This factual determination is properly made by the ALJ. See Seavey v. Barnhart, 276 F.3d 1, 10-11 (1st Cir. 2001). His claim is therefore remanded.

Diamond's motion for an order reversing the decision of the Commissioner (Docket # 12) is ALLOWED to the extent the case is remanded for consideration of the totality of plaintiff's impairments. The Commissioner's motion for an order affirming the decision of the Commissioner (Docket # 15) is DENIED.

February 14, 2011                    /s/Rya W. Zobel
      DATE                            RYA W. ZOBEL
                              UNITED STATES DISTRICT JUDGE